**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT BOWLING GREEN**
**CIVIL ACTION NO. 1:23CV-P85-JHM**

AHMED ALDULAIMI                                                                                          PLAINTIFF

v.

LT. MICHALE DEER *et al.*                                                                              DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff Ahmed AlDulaimi filed the instant *pro se* 42 U.S.C. § 1983 action. The complaint is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action.

**I.   SUMMARY OF FACTUAL ALLEGATIONS**

Plaintiff was a pretrial detainee at the Simpson County Jail (SCJ) when he filed this suit and has since been transferred. He sues Lt. Michale Deer and Simpson County Jail. He does not identify in what capacity he sues Defendant Deer.

Plaintiff states that on January 26, 2023, in the SCJ he "was repeatedly harassed and intimidated by jail personale, namely a Lt. Deer." He asserts that he requested to be moved to a different cell because of the presence of bugs in the cell, and Defendant Deer said to him, "'Don't be scared of the bugs. Just go lay down and sing the national anthem of Afghanistan and dream about all of of them virgins you're going to have when you blow yourself up.'" Plaintiff reports that another deputy was present to witness the interaction "but he didn't say anything derogatorily" and "did say 'That's messed up' after Mr. Deer insulted me."

Plaintiff states that on another occasion in December 2022 Defendant Deer said to him, before conducting a strip search, that "'we better search him for bombs.'" He asserts, "Lt. Deer would also frequently ask me for 'discounts on slushies at 7/11 gastations' and said that 'my family

probably plans/plants IEDs on the US Army." Plaintiff states, "These incidents deeply traumatized me, by causing me undue emotional and mental distress. Having been born and raised in Iraq, I felt personally attacked by his bigotry. It's caused me to lose sleep and feel unsafe in my surroundings."

Plaintiff states that he "attempted to air my grievances to the United States District Court (back in March, 2023) from the [SCJ], but the USDC claims to never have received my letter." He states that two weeks after he attempted to write the Court he was transported to another facility. He states, "I believe they tampered with my mail by discarding it to prevent this matter from coming to light. I don't want any other inmate to be subjected to the cruelty that was imposed upon me."

As relief, Plaintiff seeks compensatory damages.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers,*

*USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. SCJ and official-capacity claim

Defendant SCJ is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, Simpson County is the proper defendant. *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). Moreover, Simpson County is a "person" for purposes of § 1983. *See Monell v. New York City Dept. of Soc. Servs.*,

436 U.S. 658 (1978). In addition, while Plaintiff does not identify in what capacity he sues Defendant Deer, an official-capacity claim against Defendant Deer would be brought against his employer, Simpson County. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff does not assert that any of the alleged actions occurred because of a policy or custom implemented or endorsed by Simpson County. Therefore, Plaintiff's claims against Defendant SCJ and an official-capacity claim against Defendant Deer must be dismissed for failure to state a claim upon which relief may be granted.

### *B. Individual-capacity claim*

Had Plaintiff sued Defendant Deer in his individual capacity, the claim would also fail. The use of harassing or degrading language by a prison official, although unprofessional and deplorable, does not rise to constitutional dimensions. *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not rise to the level of a constitutional claim); *Violett v. Reynolds*, 76 F. App'x 24, 27

(6th Cir. 2003) (same); *Murray v. U.S. Bureau of Prisons*, No. 95-5204, 1997 U.S. App. LEXIS 1716, at *8 (6th Cir. Jan. 28, 1997) ("Although we do not condone the alleged statements, the Eighth Amendment does not afford us the power to correct every action, statement, or attitude of a prison official with which we might disagree."); *Brown v. Madison Cty. Sheriff's Dep't*, No. 19-1231-JDT, 2019 U.S. Dist. LEXIS 192460, at *5 (W.D. Tenn. Nov. 6, 2019) (dismissing inmate's claim alleging verbal harassment based on religious beliefs). Therefore, Plaintiff's claim against Defendant Deer in his individual capacity would be subject to dismissal for failure to state a claim upon which relief may be granted.

### *C. Claim based on mail*

Plaintiff also states, "I believe they tampered with my mail by discarding it to prevent this matter from coming to light." "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff does not allege who was responsible for "tamper[ing]" with his mail or allege facts to support his belief that it was connected to the claims in this action. Plaintiff's allegation concerning his mail is conclusory and lacking in sufficient facts to state a constitutional violation. *See Iqbal*, 556 U.S. at 678 (complaint not sufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'") (quoting *Twombly*, 550 U.S. at 555, 557). For these reasons, the claims regarding Plaintiff's mail must be dismissed for failure to state a claim upon which relief may be granted.

### IV. CONCLUSION

The Court will enter a separate Order of dismissal for the reasons stated herein.

Date: December 13, 2023

*Joseph H. McKinley*
Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.010